**Electronically Filed
Supreme Court
SCWC-17-0000004
13-SEP-2021
09:47 AM
Dkt. 11 OPA**

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---o0o---

BRENT K. SYLVESTER
Petitioner/Petitioner-Appellant,

vs.

ADMINISTRATIVE DIRECTOR OF THE COURTS, STATE OF HAWAIʻI,
Respondent/Respondent-Appellee.

SCWC-17-0000004

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-17-0000004; CASE NO. 1DAA-16-00003)

SEPTEMBER 13, 2021

RECKTENWALD, C.J., NAKAYAMA, McKENNA, WILSON, AND EDDINS, JJ.

OPINION OF THE COURT BY EDDINS, J.

An Administrative Driver's License Revocation Office hearing officer revoked Brent Sylvester's driver's license after finding probable cause to support Sylvester's arrest for operating a vehicle under the influence of an intoxicant.

Three civilian witnesses wrote statements on a standard Honolulu Police Department form (HPD-252). They described Sylvester's conduct and interactions with them after he

purportedly rear-ended their car.  Two police officers' sworn statements referenced the witnesses' accounts.

The hearing officer considered the civilian witnesses' HPD-252 statements.  The hearing officer also considered the witnesses' statements incorporated in the police officers' sworn statements.  Sylvester objected.

The District Court of the First Circuit sustained the license revocation.  The Intermediate Court of Appeals affirmed the district court's decision.

We address whether administrative driver's license revocation hearing officers can consider civilian witnesses' unsworn statements when making probable cause determinations.

We hold they can.  The administrative license revocation laws – namely, HRS §§ 291E-36, 291E-37(c), and 291E-38(g)[1] - do not require sworn statements from civilian witnesses.  Instead, the sworn statement requirement only covers (1) law enforcement officers, (2) persons who administer alcohol or drug tests, and (3) those who maintain the testing equipment.

**I.**

In April 2016, three people traveled in a Nissan on the H-1 freeway.  A Toyota rear-ended them; it did not stop.  The Toyota sped past the Nissan.  One person in the Nissan called 911 and

---

[1]     All references to HRS provisions reflect their latest published version as of Sylvester's arrest in 2016.

2

reported "a hit and run." The Nissan followed the Toyota. The caller told the 911 operator that the Toyota was "swerving" and "almost slammed [into] the median."

Later the Nissan's three occupants wrote statements on an HPD-252 form. Each detailed the rear-end collision and the Toyota's flight. The witnesses also described following the Toyota to a Kailua residence. There they briefly confronted the driver. Because of how he smelled, spoke, and walked, the witnesses believed he was intoxicated. When police officers arrived, they identified Sylvester as the driver.

The HPD-252 forms contained a preprinted declaration: "I attest that this statement is true and correct and to the best of my knowledge, and that I gave this statement freely and voluntarily without coercion or promise of reward."[2] The witnesses signed their names.

HPD officers responded to Sylvester's residence. For the administrative revocation proceedings, two officers submitted sworn statements.[3] They detailed the circumstances surrounding Sylvester's arrest. One officer described the damages to the two cars. The other officer wrote that he smelled alcohol on

---

[2] Our decision does not hinge on deciding whether this attestation language makes the witnesses' statements "sworn."

[3] At the end of their statements, the officers signed their names and swore that the information in their statements was "true and correct."

Sylvester's breath as he spoke to him. The officer further reported: "[Sylvester] blurted out that he just had a 'few' when he got home." Sylvester declined a field sobriety test and a preliminary alcohol screening test. The officer arrested him for operating a vehicle under the influence of an intoxicant (OVUII). He read an implied consent and other required notice forms to Sylvester. Sylvester refused to take a breath or blood test. The officer issued him a notice of administrative revocation.

Four days later, an Administrative Driver's License Revocation Office review officer revoked Sylvester's driver's license.

Sylvester requested an administrative hearing. At the hearing, he moved to strike the three witnesses' HPD-252 statements. Sylvester also moved to strike the civilian witnesses' statements contained in the sworn police statements. The hearing officer denied the motion.

After considering the HPD-252 statements, 911 recording, and sworn police statements,[4] the hearing officer found probable cause that Sylvester operated his vehicle while under the influence of alcohol. The officer sustained the initial

---

[4] The hearing officer struck other police officers' *unsworn* statements contained in the sworn police statements. The hearing officer also granted Sylvester's request to strike several unsworn police reports prepared by other HPD officers.

administrative revocation of Sylvester's driver's license.

Although their rationale differed, the district court and the ICA affirmed the hearing officer's decision. The district court ruled that "other person[s]," whose sworn statements the hearing officer must consider under HRS § 291E-38(g),[5] include the civilian witnesses. It also ruled that their HPD-252 statements were not sworn. Despite these determinations, the district court upheld the license revocation. It reasoned that the sworn police statements incorporating "the witnesses' statements and/or information" provided a sufficient basis to find probable cause for Sylvester's arrest.

The ICA implicitly rejected the district court's reasoning that HRS § 291E-38(g)'s sworn statement requirement encompassed civilian witnesses. It read the term "other person" in HRS § 291E-38(g) to mean only "the person who conducted the [intoxication] test" or "the person responsible for the maintenance of the testing equipment" as specified in HRS § 291E-36. We agree with the ICA.

**II.**

In administrative driver's license revocation proceedings, we hold that hearing officers can consider civilian witnesses'

---

[5]     The district court, the Honorable Lono J. Lee presiding, relied on the following sentence in HRS § 291E-38(g): "The director shall consider the sworn statements in the absence of the law enforcement officer or other person."

5

unsworn statements.

After inspecting the texts and context of HRS §§ 291E-36, 291E-37(c), and 291E-38(g), we conclude that these laws do not impose a sworn statement requirement on civilian witnesses. They only require sworn statements from (1) law enforcement officers, (2) persons who administer alcohol or drug tests, and (3) those who maintain the testing equipment. Civilian witnesses' statements - both independently through HPD-252 statements and as embedded in sworn police statements – can support probable cause in license revocation proceedings.

HRS Chapter 291E, Part III guides the administrative driver's license revocation process. It begins when an individual is arrested and issued a notice of administrative revocation.[6] See generally HRS §§ 291E-31, 291E-33, 291E-34. Next, an administrative review officer examines the police officer's decision to issue the revocation notice. HRS § 291E-37(a). This initial review happens automatically. Id. Based solely on documentary evidence, including documents listed in HRS § 291E-36, the administrative review officer decides whether to revoke the driver's license. See generally HRS § 291E-37. If the review officer revokes the license, the driver can request an administrative hearing. HRS § 291E-38(a). If a

---

[6]     We call an arrestee who received a notice of administrative revocation a "driver."

hearing officer affirms the revocation after that administrative hearing, the driver can petition for judicial review. HRS § 291E-40(a).

Within the administrative driver's license revocation framework, a trio of intertwined laws - HRS §§ 291E-36, 291E-37(c), and 291E-38(g) - identify the types of documents that the administrative review and hearing officers must receive, consider, or admit into evidence.

HRS § 291E-36 lists what evidence must be submitted for administrative review immediately after an OVUII arrest.[7] It calls for sworn statements from:

   (1) "the arresting law enforcement officer" and "the officer who issued the notice of administrative revocation," HRS § 291E-36(a)(1), (b)(1)[8];

   (2) "the person responsible for maintenance of the [alcohol or drug] testing equipment," HRS § 291E-36(a)(2), (4); and

   (3) "the person who conducted the [alcohol or drug] test," HRS § 291E-36(a)(3), (5).[9]

HRS § 291E-36 identifies no other person whose statement must be

---

[7]    HRS § 291E-36 also applies when a driver is arrested for habitually operating a vehicle under the influence of an intoxicant under HRS § 291E-61.5.

[8]    HRS § 291E-36(a) applies when an arrestee submits to an alcohol or drug test. HRS § 291E-36(b) governs when an arrestee refuses to do so. Both require the arresting officer to submit a sworn statement. Conspicuously, only HRS § 291E-36(a) mentions sworn statements of "the officer who issued the notice of administrative revocation."

[9]    The persons identified in subparagraphs (2) and (3) are not implicated when a driver refuses an alcohol or drug test, like Sylvester did.

sworn.

In addition to these sworn statements, the administrative review officer receives other types of evidence: "a copy of the arrest report," HRS § 291E-36(a)(1), (b)(1); "the report of the law enforcement officer who issued the notice of administrative revocation to the person involved in a collision resulting in injury or death," HRS § 291E-36(a)(1); "a copy of the notice of administrative revocation," HRS § 291E-36(a)(6), (b)(2); any license taken into possession by law enforcement officers, HRS § 291E-36(a)(7), (b)(3); and the driver's prior alcohol and drug enforcement contacts. HRS § 291E-36(a)(8), (b)(4).

With the information received under HRS § 291E-36 and any evidence submitted by the driver, the administrative review officer conducts an initial review. HRS §§ 291E-36, 291E-37. At this stage, HRS § 291E-37(c) requires consideration of:

    (1)   "Any sworn or unsworn written statement or other written evidence provided by the respondent";

    (2)   "The breath, blood, or urine test results, if any"; and

    (3)   "The sworn statement of any law enforcement officer or other person or other evidence or information required by section 291E-36." (Emphases added.)

If the driver wants an administrative hearing after an adverse administrative review decision, HRS § 291E-38(g) requires the hearing officer to *admit into evidence* the sworn statements generated by HRS § 291E-36 and *consider* them if the

8

individuals who made the sworn statements do not appear at the hearing.[10]

Both HRS §§ 291E-37(c)(3) and 291E-38(g) refer to the sworn statements of "other person" *and* HRS § 291E-36. The Administrative Director of the Courts maintains that "other person" means only those individuals identified in HRS § 291E-36: the government employees conducting alcohol or drug tests or maintaining the testing equipment. Sylvester, in contrast, reads "other person" expansively to mean everyone who is not a law enforcement officer. He contends that civilian witnesses' statements submitted by the government must be sworn.

The Director's interpretation prevails: "other person" does not mean a civilian witness. We conclude that HRS § 291E-38(g), like HRS § 291E-36, does not touch civilian witnesses' statements.

Turning to HRS § 291E-38(g), its opening sentence - "The sworn statements provided in section 291E-36 shall be admitted

---

[10]    HRS § 291E-38(g) states:

> The sworn statements provided in section 291E-36 shall be admitted into evidence. The director shall consider the sworn statements in the absence of the law enforcement officer or other person. Upon written notice to the director, no later than five days prior to the hearing, that the respondent wishes to examine a law enforcement officer or other person who made a sworn statement, the director shall issue a subpoena for the officer or other person to appear at the hearing. . . .

(Emphasis added.) Additionally, HRS § 291E-38(f) requires that the driver's prior alcohol and drug enforcement contacts be entered into evidence.

into evidence" – delimits its scope to HRS § 291E-36. (Emphasis added.) "[T]he sworn statements" mentioned in the next sentence – "The director shall consider the sworn statements in the absence of the law enforcement officer or other person" – grammatically link back to "the sworn statements provided in section 291E-36" in the preceding sentence. HRS § 291E-38(g). So "other person" in the second sentence refers to the individuals who submitted sworn statements under HRS § 291E-36.[11] See McGrail v. Admin. Dir. of the Courts, 130 Hawai'i 74, 80, 305 P.3d 490, 496 (App. 2013) (explaining that "the hearing officer must admit into evidence and consider the sworn statements required by HRS § 291E-36" (emphasis added)).[12]

HRS § 291E-37(c)(3)'s sworn statement requirement, like HRS § 291E-38(g), unites with HRS § 291E-36. HRS § 291E-37(c)(3) states: "The sworn statement of any law enforcement officer or other person or other evidence or information required by section 291E-36." (Emphases added.)

Sylvester argues that HRS § 291E-37(c)(3) requires the administrative review officer to consider "1) the sworn

---

[11]    The first two sentences of HRS § 291E-38(g) establish the context in which the rest of the provision (concerning when a hearing officer must issue a subpoena for "a law enforcement officer or other person who made a sworn statement") should be read.

[12]    In McGrail, the ICA held that considering a police officer's unsworn statements in another police officer's sworn statement is impermissible. 130 Hawai'i at 81, 305 P.3d at 497. McGrail did not involve civilian witnesses.

statement of any law enforcement officer or other person or 2) other evidence or information required by section 291E-36." He reads the provision's ending phrase - "required by section 291E-36" - to modify only the latter part of the preceding terms, "other evidence or information," but not the other antecedent terms, "[t]he sworn statement of any law enforcement officer or other person." Sylvester's interpretation of HRS § 291E-37(c)(3) is flawed.

The series-qualifier canon undercuts Sylvester's view. This canon provides that "when there is a straightforward, parallel construction that involves all nouns or verbs in a series, a modifier at the end of the list normally applies to the entire series." Facebook, Inc. v. Duguid, 141 S. Ct. 1163, 1169 (2021) (cleaned up).

Here, HRS § 291E-37(c)(3) contains a parallel, connected list of nouns in a series: "[t]he sworn statement of any law enforcement officer or other person or other evidence or information." So the modifier, "required by section 291E-36," applies to each of the antecedent noun phrases.[13]  Said

---

[13]    Generally, a determiner (for example, "other" before "evidence" in this sentence) "tends to cut off the modifying phrase so that its backward reach is limited." Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 149 (2012).  Yet "that effect is not entirely clear." Id.  "The rule of the last antecedent is context dependent." Facebook, 141 S. Ct. at 1170. As discussed below, the context of HRS §§ 291E-36, 291E-37(c), and 291E-38(g) shows that the determiner before "evidence" in HRS § 291E-37(c)(3) does not sever the modifier's reach.

differently, HRS § 291E-36 covers both (1) the sworn statements of law enforcement officers or "other person" (other government officials who conduct alcohol or drug tests or maintain the relevant testing equipment under HRS § 291E-36(a)(2)-(5)) and (2) other evidence or information (such as a listing of any prior alcohol and drug enforcement contacts under HRS § 291E-36(a)(8), (b)(4)).

HRS §§ 291E-36, 291E-37, and 291E-38 all address the same subject matter: the review process for administrative driver's license revocation.  So we interpret "other person" in both HRS §§ 291E-38(g) and 291E-37(c)(3) harmoniously.  See HRS § 1-16 ("Laws in pari materia, or upon the same subject matter, shall be construed with reference to each other.  What is clear in one statute may be called in aid to explain what is doubtful in another.").

We conclude that "other person" in HRS § 291E-37(c)(3), like the identical term in HRS § 291E-38(g), refers only to the individuals mentioned in HRS § 291E-36.  The sworn statement requirement under these statutes does not cover civilian witnesses' statements.

Sylvester maintains that if the legislature intended to allow consideration of unsworn civilian witness statements submitted by the government, it would have said so in HRS § 291E-37(c)(3), just like it did in HRS § 291E-37(c)(1).

Subsection (c)(1) involves statements submitted by the driver. It requires an administrative review officer to consider any "sworn or <u>unsworn</u> written statement or other written evidence provided by the <u>respondent</u>." HRS § 291E-37(c)(1) (emphases added). We do not view the absence of language concerning unsworn statements in HRS § 291E-37(c)(3) as a deliberate choice to bar unsworn civilian witness statements submitted by the government. Rather, the provision reflects the legislature's attention to specific evidence central to revocation determinations. "[T]he Legislature chose to require the submission of sworn statements by <u>key police and government officers</u> as a means of ensuring the reliability of the revocation process." <u>McGrail</u>, 130 Hawai'i at 80, 305 P.3d at 496 (emphasis added).

Further, the administrative driver's license revocation framework does not limit the evidence the hearing officer *may* consider to only the evidence identified by HRS §§ 291E-36, 291E-37, and 291E-38. See <u>Desmond v. Admin. Dir. of the Courts</u>, 91 Hawai'i 212, 220, 982 P.2d 346, 354 (App. 1998) (rejecting the driver's argument that a hearing officer could not admit "anything that is not specified by the statute"), <u>rev'd on other</u>

13

grounds, 90 Hawaiʻi 301, 978 P.2d 739 (1998).[14]

The evidence must be relevant and not prejudicial. Freitas v. Admin. Dir. of the Courts, 108 Hawaiʻi 31, 45–46, 116 P.3d 673, 687–88 (2005). But Sylvester doesn't claim that the civilian witnesses' statements were irrelevant or prejudicial.

Finally, Sylvester's concern about the reliability of the civilian witnesses' statements is overblown. The HPD-252 forms contained a declaration from each witness attesting to the statement's truth. The HPD-252 statements and the witnesses' statements referenced in the sworn police statements provided "reasonably trustworthy information" to support a probable cause determination. State v. Maganis, 109 Hawaiʻi 84, 86, 123 P.3d 679, 681 (2005).

Because HRS §§ 291E-36, 291E-37(c)(3), and 291E-38(g) do not require sworn civilian witness statements, we hold that a hearing officer can consider civilian statements – sworn or unsworn - in the probable cause determination. The hearing officer who conducted Sylvester's administrative hearing did not err in considering statements from the Nissan's occupants.

---

[14]   Based on its review of HRS §§ 291E-36, 291E-37, and 291E-38's predecessor statutes, the ICA held that the hearing officer did not reversibly err in admitting the entire case file into evidence. Desmond, 91 Hawaiʻi at 220-21, 982 P.2d at 354-55. It opined that though the hearing officer erroneously admitted unsworn statements of a police officer who did not appear to testify, the error was harmless. Id. at 220, 982 P.2d at 354. Desmond did not involve civilian witnesses.

We affirm the ICA's February 24, 2021 judgment on appeal.[15]

| | |
|---|---|
| Alen M. Kaneshiro, for petitioner | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Ewan C. Rayner, (Kimberly T. Guidry and Robert T. Nakatsuji on the briefs) for respondent | /s/ Sabrina S. McKenna |
| | /s/ Michael D. Wilson |
| | /s/ Todd W. Eddins |



---

[15]    In addition to raising the statutory interpretation issue, Sylvester claims that the district court failed to schedule his judicial review hearing "as quickly as practicable."  This argument lacks merit.  We agree with the ICA's conclusion that the 25-day delay (resulting from an extension of the time to file the record on appeal and a two-week continuance) did not violate Sylvester's due process rights.