NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

NO. 29774

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ALAN D. URIE, Petitioner-Appellant,
v.
ADMINISTRATIVE DIRECTOR OF THE COURTS, STATE OF HAWAIʻI,
Respondent-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(JR No. 1DAA-09-0002; Original Case No. 08-04412)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard, J., and
Circuit Judge Ayabe, in place of Foley, Fujise,
Reifurth, and Ginoza, JJ., all recused)

Petitioner-Appellant Alan D. Urie (Urie) appeals from the Judgment on Appeal (Judgment) entered on March 9, 2009, by the District Court of the First Circuit (district court).[1] The district court affirmed the administrative revocation of Urie's driver's license by Respondent-Appellee Administrative Director of the Courts, State of Hawaiʻi (Director), acting through a hearing officer of the Administrative Driver's License Revocation Office (ADLRO).[2]

On appeal, Urie argues that the district court erred in affirming the decision of the ADLRO hearing officer because "[t]he hearing officer unlawfully increased Urie's license revocation period in retaliation for [Urie's] request for a hearing without due process and without sufficient basis in the

---

[1] The Honorable William A. Cardwell presided.

[2] Hawaii Revised Statutes (HRS) § 291E-1 (2007) states that "'Director' means the administrative director of the courts or any other person within the judiciary appointed by the director to conduct administrative reviews or hearings or carry out other functions relating to administrative revocation under part III [entitled 'Administrative Revocation Process']."

record to justify such an increase."  We disagree with Urie's arguments and affirm the district court.

I.

Officer Albert Lee (Officer Lee) observed Urie driving through the intersection of South King Street and Kalakaua Avenue at 11:44 p.m. on August 27, 2008.  Urie's vehicle was traveling at a high rate of speed, which Officer Lee estimated was substantially in excess of the speed limit.  Officer Lee noticed that Urie did not slow down for other cars attempting to enter the roadway or maneuvering into or out of parking stalls on the same side of the roadway.  Officer Lee also observed Urie's vehicle straddle an adjacent lane.  Officer Lee stopped Urie's vehicle at the intersection of South King Street and Hauoli Street.

Urie had a strong odor of alcohol, his eyes were red, watery, and glassy, and he was unsteady on his feet.  Urie refused to take the standardized field sobriety test and said he knew he would fail the test because he had been drinking all night.

II.

Judicial review of the Director's decision to administratively revoke a driver's license is governed by Hawaii Revised Statutes (HRS) § 291E-40 (2007).  HRS § 291E-40(c) provides:

> (c)     The sole issues before the court shall be whether the [D]irector:
>
> (1)     Exceeded constitutional or statutory authority;
>
> (2)     Erroneously interpreted the law;
>
> (3)     Acted in an arbitrary or capricious manner;
>
> (4)     Committed an abuse of discretion; or
>
> (5)     Made a determination that was unsupported by the evidence in the record.

This is a secondary appeal from the district court's review of the Director's decision to administratively revoke Urie's driver's license.  The standard for reviewing the district

2

court's decision is the right/wrong standard.  <u>Brune v. Admin.</u>
<u>Dir. of Courts</u>, 110 Hawai‘i 172, 176-177, 130 P.3d 1037, 1041-42
(2006).

III.

A.

Urie's contention that the hearing officer unlawfully
increased Urie's license revocation period in retaliation for
Urie's request for a hearing is without merit.  The
administrative review officer, acting on behalf of the
Director,[3/] had imposed a one-year revocation of Urie's license.
Prior to proceeding with the formal hearing, the hearing officer
advised Urie that based on her review of the existing record, she
was inclined to increase the revocation period to two years.  The
hearing officer cited the fact that Urie's current arrest had
occurred "just eight months" after he had been adjudicated on his
prior alcohol enforcement contact and referred to Urie as posing
a "public safety hazzard."  The hearing officer gave Urie the
option of waiving the hearing, and thereby submitting to the one-
year revocation period imposed by the administrative review
officer, or proceeding with the hearing.

Urie decided to proceed with the hearing.  At the
conclusion of the hearing, the hearing officer revoked Urie's
driver's license for two years.  The hearing officer made the
following findings in support of her decision to revoke Urie's
license for two years:

> This Hearing Officer finds that the record reflects,
> among other things, that [Urie] was traveling intoxicated at
> a high rate of speed on a week night and could have caused
> more than a few accidents.  This Hearing Officer finds that
> coupled with the 2008 alcohol enforcement contact (January
> 16, 2008), it appears that [Urie] poses a significant
> traffic safety hazard on the public roadways, and the
> revocation period shall be two years.

The record does not support Urie's argument that the
hearing officer retaliated against Urie for demanding a hearing.
The hearing officer explained that her statements regarding her

---

[3/] <u>See</u> footnote 2, <u>supra</u>.

3

pre-hearing inclination to increase the period of revocation were not intended as a threat to retaliate against Urie for requesting a hearing, but simply represented her providing Urie with notice of her inclination based upon her review of the existing record. As the district court found:

> The Hearing Officer was simply providing guidance to [Urie] and his attorney for their use in deciding to proceed with the hearing. The Hearing Officer could not know what facts or argument [Urie] may have had to rebut the record as it stood at that point. Only [Urie] and his attorney knew his case. Attempting to assist [Urie] in making a decision whether or not to proceed with a hearing is not punishment for proceeding.

B.

Urie contends that the hearing officer was not authorized to increase the revocation period set by the administrative review officer where (1) there was no new evidence presented at the hearing, but (2) even less evidence because the hearing officer struck the intoxilyzer test results. Urie further contends that the hearing officer could not rely on the fact that Urie was a repeat offender to increase Urie's revocation period. We conclude that Urie's contentions lack merit.

In 2005, the Hawai'i Supreme in Custer v. Admin. Dir. of the Courts, 108 Hawai'i 350, 356, 120 P.3d 249, 255 (2005), held that under the then-existing statutes, the Director, acting through an ADLRO hearing officer during the administrative hearing process, did not have the authority to increase the period of revocation imposed by the administrative review decision. In 2006, the Legislature amended HRS § 291E-38 to expressly authorize the Director, acting through an ADLRO hearing officer, to impose up to the maximum period of revocation during the administrative hearing process. 2006 Haw. Sess. Laws Act 201, § 4 at p. 866. The amendment added subsection (d)(6) which states: "The [D]irector shall conduct the hearing and have authority to: . . . (6) Impose up to the maximum license revocation period as specified under section 291E-41(b)[.]" HRS

4

§ 291E-38(d)(6) (2007). HRS § 291E-38(d)(6) does not limit the circumstances under which the Director, acting through an ADLRO hearing officer, is authorized to impose up to the maximum period of revocation. We conclude that pursuant to HRS § 291E-38, the hearing officer was authorized to increase Urie's period of revocation to two years.

We reject Urie's argument that because HRS § 291E-41 (2007) provides for an increased maximum period of revocation for a repeat offender, the hearing officer could not rely upon Urie's status as repeat offender to increase his revocation period. It is Urie's status as a repeat offender that subjects him to the increased two-year revocation period. The Legislature specifically authorized the increased revocation period for repeat offenders. We see no reason why the hearing officer could not rely on Urie's status as a repeat offender to impose the increased revocation period.

In any event, the record demonstrates that the hearing officer relied upon more than Urie's mere status as a repeat offender. The hearing officer cited both (1) Urie's dangerous conduct at the time of his arrest ("traveling intoxicated at a high rate of speed on a week night and could have caused more than a few accidents") and (2) the short time between his arrest and his prior alcohol enforcement contact as support for her decision to increase Urie's revocation period.

C.

Finally, Urie argues that the Director's failure to promulgate rules establishing criteria for an ADLRO hearing officer to increase the revocation period violates due process. We disagree. Here, the hearing officer provided a written justification for her decision to increase Urie's revocation period, and her decision was supported by the record. We conclude that Urie's due process rights were not violated.

IV.

The March 9, 2009, Judgment of the district court is affirmed.

DATED:  Honolulu, Hawai'i, June 28, 2010.

On the briefs:

Earle A. Partington
for Petitioner-Appellant

Rebecca A. Copeland
Deputy Solicitor General
for Respondent-Appellee

Chief Judge

Associate Judge

Acting Associate Judge