**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000661**
**29-JUN-2023**
**07:52 AM**
**Dkt. 39 SO**

NO. CAAP-21-0000661

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JOEN TOMINAGA, Petitioner-Appellant, v.
ADMINISTRATIVE DIRECTOR OF THE COURTS,
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DAA-21-00001)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, and Wadsworth and Nakasone, JJ.)

Petitioner-Appellant Joen Tominaga (**Tominaga**) appeals from the Decision and Order Affirming Administrative Revocation (**Decision and Order**), entered on October 20, 2021, in the District Court of the First Circuit, Honolulu Division (**District Court**).[1] For the reasons explained below, we reverse.

## I. Background

On March 6, 2021, Tominaga was arrested for Operating a Vehicle Under the Influence of an Intoxicant, pursuant to Hawaii Revised Statutes (**HRS**) § 291E-61(a).[2] The arresting officer,

_____

[1] The Honorable Kristine Y. Yoo presided.

[2] HRS § 291E-61(a) (2020) provides in relevant part:

> **Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> > (1) While under the influence of alcohol in an amount sufficient to impair the person's normal

Honolulu Police Department (**HPD**) Officer Dannan Smith (**Officer Smith**), issued a Notice of Administrative Revocation of Tominaga's driver's license.

On March 11, 2021, the Administrative Driver's License Revocation Office (**ADLRO**) issued a Notice of Administrative Review Decision, which sustained the revocation of Tominaga's driver's license for a one-year period from April 6, 2021, to April 5, 2022.  Tominaga made a timely request for an administrative hearing to dispute the revocation.  She also requested a copy of the "[e]ntire case file."  See HRS § 291E-37(f)(5) (2020).[3/]

On March 15, 2021, in response to the latter request, the ADLRO emailed 27 pages of materials to Tominaga's counsel. It appears that the ADLRO later acknowledged – after the record was closed and the administrative hearing decision was issued – that the materials provided to Tominaga were missing a page. See infra note 6 and accompanying text.  Specifically, it appears that the materials did not include page one of the two-page Incident Report of HPD Sergeant Steven Chun (**Sergeant Chun**), who conducted the traffic stop of Tominaga's vehicle prior to her arrest.

The ADLRO scheduled the administrative hearing for April 1, 2021, to be held telephonically due to the COVID-19

---

> mental faculties or ability to care for the person and guard against casualty;
>
> . . . .
>
> (3)  With .08 or more grams of alcohol per two hundred ten liters of breath[.]

[3/]  HRS § 291E-37(f) (2020) provides, in relevant part:

> (f) If the director administratively revokes the respondent's license and privilege to operate a vehicle, . . . [t]he written review decision shall:
>
> . . . .
>
> (5)  Inform the respondent of the right to review and copy all documents considered at the review, including the arrest report and the sworn statements of law enforcement officers or other persons, prior to the [administrative] hearing [to review the director's decision.]"

pandemic. Tominaga objected to telephonic testimony and requested a continuance of the hearing. The hearing was continued to June 25, 2021. Tominaga subpoenaed Sergeant Chun, Officer Smith, Officer Drae Moon (**Officer Moon**), Sergeant Michael Noh (**Sergeant Noh**), and Sergeant Thomas Cummings (**Sergeant Cummings**) to appear at the hearing.

The June 25, 2021 hearing was held via Zoom due to the pandemic. All of the documents in the case file were admitted into evidence. All subpoenaed officers appeared except for Sergeant Cummings. Tominaga examined Sergeant Noh and waived the testimony of Sergeant Chun, Officer Moon, and Officer Smith. In closing argument, Tominaga argued, among other things, that the evidence did not support reasonable suspicion to stop Tominaga's vehicle on the night of her arrest:

> Based on the reports that I have from [Sergeant] Chun he was the stopping officer. And, as far as I could see . . . no traffic violations of any sort in the incident report. I just see that . . . he comes to her vehicle and he's speaking to her. So, I don't see how there's any reasonable suspicion to even stop Miss Tominaga based upon that.

On June 29, 2021, Respondent-Appellee Administrative Director of the Courts (**Director**), through an ADLRO hearing officer, issued a Notice of Administrative Hearing Decision, which affirmed the ADLRO's March 11, 2021 Notice of Administrative Review Decision and amended the revocation end date to June 25, 2022.[4] The hearing officer's Findings of Fact, Conclusions of Law, and Decision (**ADLRO Decision**) were also issued on June 29, 2021. The hearing officer determined, among other things, that there was reasonable suspicion to stop the vehicle operated by Tominaga, concluding in part: "[T]he record establishes that [Sergeant] Chun observed [Tominaga] commit the traffic violation of disregarding lane markings under HRS § 291C-38, not once, not twice, but three times. [Tominaga] illegally

---

[4] The revocation end date was so amended to reflect the extension of Tominaga's temporary driver's permit from April 6, 2021 to June 25, 2021. Although the revocation end date was June 25, 2022, the "capable of repetition, yet evading review" exception to the mootness doctrine applies to this appeal. See Slupecki v. Admin. Dir. of the Courts, 110 Hawai'i 407, 409 n.4, 133 P.3d 1199, 1201 n.4 (2006).

crossed the white single solid lane marking separating lane 3 and the right side curb multiple times[.]"[5]

On July 21, 2021, Tominaga's counsel submitted a Supplemental Declaration to the ADLRO stating in part that because "Sergeant Chun's testimony was waived[,] the only evidence for consideration from Sergeant Chun would be his police report submitted to the ADLRO[,]" and "[FOFs] 1-6 [in the ADLRO Decision] do not comport with the copy of Sergeant Chun's police report received by Counsel from the ADLRO." Counsel also stated that he relied on what was provided by the ADLRO as the purported "[e]ntire case file," and those materials did not include any sworn statements related to the stop of Tominaga's vehicle.

Page two of the administrative record appears to be a summary "FOR ADLRO OFFICE USE ONLY" of actions taken and other comments regarding Tominaga's case (**ADLRO Summary**). The ADLRO Summary includes a handwritten note dated "7/22/21," which appears to state the following:

---

[5] The hearing officer also made the following relevant findings of fact (**FOFs**):

> 1. On March 5, 2021, at approximately 11:49 p.m. while driving in lane 3 of 3 on Fort Weaver Road southbound prior to Kolowaka Drive, [Sergeant] Chun observed the passenger side tires of a Honda Accord (**Vehicle**) travel approximately one foot over the white single solid lane marking separating lane 3 from the right side curb for 2 seconds, then swerve back into lane 3 in a snake-like motion.
>
> 2. The Vehicle then again traveled approximately one foot over the white single solid lane marking separating lane 3 from the right side curb, then swerved back into lane 3.
>
> 3. Then for the third time, the Vehicle again swerved approximately one foot over the white single solid lane marking separating lane 3 from the right side curb.
>
> 4. The vehicle was the only vehicle on the roadway traveling ahead of [Sergeant] Chun so he had a clear and unobstructed view of the traffic violations.
>
> 5. [Sergeant] Chun conducted a traffic stop of the Vehicle.
>
> 6. [Sergeant] Chun identified himself to the driver of the Vehicle (subsequently identified as [Tominaga]), informed her of the reason for the stop and asked for her license, registration, and insurance.

4

> Supplemental Declaration reviewed. Nothing requested in Supp. Decl. Counsel was provided page 2 of 2 of Chun's rpt, as well as the traffic citation issued by Chun, which both are sworn stmts. Counsel did not disclose missing page at hearing and instead waived the testimony of Chun, Moon & Smith. Counsel only had Noh testify. Counsel should have been aware of the missing page, but failed to raise the issue at hearing.

This note appears to acknowledge that the materials provided to Tominaga by the ADLRO were missing page one of Sergeant Chun's report.[6]

On July 27, 2021, Tominaga filed a Petition for Judicial Review (**Petition**) in the District Court, requesting that the court reverse the driver's license revocation. Tominaga contended in part that the ADLRO erroneously found that there was reasonable suspicion to stop her vehicle. Tominaga further alleged that she relied on what was provided by the ADLRO as the purported "entire case file[,]" and those materials did not establish any violation that would justify the stop of her vehicle.

The District Court heard the Petition on August 31, 2021, and entered the Decision and Order on October 20, 2021. The court concluded that the ADLRO did not exceed its constitutional or statutory authority, erroneously interpret the law, act in an arbitrary or capricious manner, or commit an abuse of discretion. The District Court also concluded that the ADLRO's determination was supported by the evidence in the record and, specifically, that "the record on appeal supports [Director's] finding that [Sergeant] Chun had specific articulable facts that support reasonable suspicion to perform a traffic stop in this case." In this regard, the District Court also stated:

> [Tominaga] argues that the facts in [Tominaga's] copy of [Sergeant] Chun's report did not establish the reasonable suspicion to stop [Tominaga's] vehicle and conjectures that [Director] had access to material which were [sic] not made available to [Tominaga]. However, [Tominaga] has failed to show any evidence in support of her argument that her copy

---

[6] On appeal, the Director does not contest the authenticity of the note or the fact that the materials provided to Tominaga by the ADLRO were missing page one of Sergeant Chun's report. Rather, the answering brief "[a]ssume[s] that omission of the page in the copy provided to [Tominaga] was unintentional (as there is nothing to suggest intentionality)[.]"

of [Sergeant] Chun's report lacked the facts to establish the reasonable suspicion to stop [Tominaga's] vehicle. Without the specific information that was provided to [Tominaga] by ADLRO, and having reviewed the record on appeal, this court concludes [Director's] findings were supported by evidence.

This secondary appeal followed. Tominaga contends that the District Court erred: (1) in concluding there was no evidence in the record to support Tominaga's position that the version of the case file transmitted to her by the ADLRO did not contain facts establishing reasonable suspicion to stop her vehicle; and (2) in affirming the revocation of Tominaga's license, where the procedures used by the ADLRO in this case denied her due process.

## II. Discussion

Our review of the District Court's Decision and Order is a secondary appeal; we must determine whether the District Court was right or wrong in its review of the ADLRO Decision. Wolcott v. Admin. Dir. of the Courts, 148 Hawaiʻi 407, 413, 477 P.3d 847, 853 (2020).

As to Tominaga's first point of error, she contends there was substantial evidence supporting her position that the version of the case file she received from the ADLRO did not contain facts establishing reasonable suspicion. Specifically, she points out that the administrative record included the ADLRO Summary, which acknowledges in a handwritten note that the materials provided to Tominaga were missing a page from Sergeant Chun's report. Tominaga further contends that the materials provided to her by the ADLRO did not contain facts related to the stop of her vehicle.

The Director does not dispute that Tominaga requested "the entire case file" from the ADLRO or that the materials provided to Tominaga were missing a page, *i.e.*, the first page of Sergeant Chun's report. There is also no dispute that the administrative record before the District Court included the ADLRO Summary, which acknowledges the omission. Further, the Director does not contest Tominaga's contention that the version of the case filed provided to her by the ADLRO, *i.e.*, missing the

6

first page of Sergeant Chun's report, did not contain facts to establish reasonable suspicion to stop Tominaga's vehicle. Our review of the record confirms that without the missing page, the materials provided to Tominaga would not have contained evidence supporting the District Court's finding of reasonable suspicion. Accordingly, the District Court erred in concluding there was no evidence to support Tominaga's contention that the copy of the case file provided to her by the ADLRO did not contain facts establishing reasonable suspicion to stop her vehicle.

In her second point of error, Tominaga contends that the procedures used by the ADLRO in this case denied her due process. Specifically, she argues that the ADLRO's failure to provide the portion of the case file that established reasonable suspicion for the stop of Tominaga's vehicle denied her a meaningful opportunity to challenge the evidence of reasonable suspicion.

In Wolcott, the supreme court held that the procedures used by the ADLRO in that case, namely, sending the driver whose license had been revoked a "cryptic and unclear computer printout" indicating prior alcohol enforcement contacts, which an ADLRO hearing officer considered in determining the length of the driver's license revocation period, denied him due process. 148 Hawaiʻi at 409-10, 477 P.3d at 849-50. The court first recognized that "a driver's license is a constitutionally protected interest and due process must be provided before one can be deprived of his or her license." Id. at 414, 477 P.3d at 854 (brackets omitted) (quoting Slupecki, 110 Hawaiʻi at 413, 133 P.3d at 1205). The court then analyzed the due process issue under the following familiar framework:

> "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." Kernan[ v. Tanaka], 75 Haw. [1,] 22, 856 P.2d [1207,] 1218 [(1993)] (quoting Mathews v. Eldridge, 424 U.S. 319, 334, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976)). The appropriate process
>
> > requires consideration of three distinct factors: [1] the private interest that will be affected by the official action; [2] the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and [3] the

7

> government's interest, including the function involved and the fiscal or administrative burdens that the additional procedures would entail.
>
> Id. at 22-23, 856 P.2d at 1218-19 (quoting Mathews, 424 U.S. 319, 334-35, 96 S. Ct. 893). Providing a presuspension revocation hearing is presumed to "sufficiently assure reliable results and provide adequate due process." Farmer[ v. Admin. Dir. of the Courts], 94 Hawaiʻi [232,] 239, 11 P.3d [457,] 464[ (2000)]. However, as the United States Supreme Court has observed, "manifestly there is no hearing when the party does not know what evidence is offered or considered, and is not given an opportunity to test, explain, or refute." Interstate Commerce Comm'n v. Louisville & N.R. Co., 227 U.S. 88, 93, 33 S. Ct. 185, 57 L. Ed. 431 (1913).

Id.

Applying the Mathews factors here, first, it is clear that revocation of Tominaga's driver's license "raises significant due process property interests." Id. (citing Slupecki, 110 Hawaiʻi at 413, 133 P.3d at 1205).

Second, the procedures used to revoke Tominaga's driver's license, namely, emailing to her counsel, who had requested her "entire case file," a version of the file that omitted (we assume unintentionally) a page of Sergeant Chun's report, are insufficient in light of the risk of an erroneous deprivation of Tominaga's driver's license for a one-year period. Without the missing page, the materials provided to Tominaga did not contain facts to establish reasonable suspicion to stop Tominaga's vehicle. Additionally, it appears that the existence of the missing page only came to light after the administrative hearing and after the issuance of the ADLRO Decision, which referenced facts about the traffic stop that were not included in the materials provided to Tominaga and not reflected in the testimony at the hearing. The failure of the ADLRO to provide Sergeant Chun's complete report to Tominaga in these circumstances denied her a meaningful opportunity to challenge the evidence of reasonable suspicion. Accordingly, the procedures that the ADLRO used presented a high risk of an erroneous deprivation of Tominaga's constitutionally protected property interest.

Third, while the government has a substantial interest in ensuring that Hawaii's roads are kept safe from alcohol-impaired drivers, the administrative burden of providing a copy

of the entire case file of a respondent who requests it in similar circumstances is not so high as to outweigh a driver's constitutionally protected property interest. See Wolcott, 148 Hawaiʻi at 415, 477 P.3d at 855.

We reject the Director's argument that there is no due process issue here because "[Tominaga's] counsel chose not to request the missing page from ADLRO prior to the hearing, [and] chose not to disclose the missing page at the hearing[.]" The Director cites no evidence in the record supporting these assertions, and we have found none. Moreover, in these circumstances, where Tominaga requested a copy of her "entire case file" and the ADLRO purported to provide it, the burden was on the ADLRO to include Sergeant Chun's complete report. See HRS § 291E-37(f); cf. McGrail v. Admin. Dir. of the Courts, 130 Hawaiʻi 74, 82, 305 P.3d 490, 498 (App. 2013) ("[T]he administrative revocation process places the burden on the government to establish a prima facie case for revocation, including that reasonable suspicion existed to stop the respondent's vehicle, before the respondent has any burden to present evidence." (citing Kernan, 75 Haw. at 30, 856 P.2d at 1222)).[7]

On this record, we conclude that Tominaga was denied due process when the ADLRO determined there was reasonable suspicion to stop her vehicle, because the materials provided by the ADLRO to Tominaga were missing a page from Sergeant Chun's report and thereby failed to provide Tominaga with sufficient notice of the evidence related to the reasonable suspicion issue. See Wolcott, 148 Hawaiʻi at 415, 477 P.3d at 855. Accordingly, we hold that the District Court's Decision and Order affirming the one-year revocation of Tominaga's driver's license was wrong, because it was based on the ADLRO's improper reliance on evidence of reasonable suspicion of which Tominaga did not receive adequate notice. See id.

---

[7] We also reject the Director's argument that Tominaga introduced error into the administrative proceedings by waiving the testimony of Sergeant Chun. It was the ADLRO's burden to establish a prima facie case for revocation, including that reasonable suspicion existed to stop Tominaga's vehicle. See McGrail, 130 Hawaiʻi at 82, 305 P.3d at 498. Tominaga had no duty to fill in what she perceived to be evidentiary gaps in the ADLRO's case.

In considering the appropriate remedy in these circumstances, we note that in <u>Wolcott</u>, the supreme court observed:  "In the context of driver's license revocations, this court has held that when a hearing officer improperly considers an alcohol enforcement contact as the basis for extending the revocation period, the appropriate remedy is to reverse the additional revocation period."  148 Hawai'i at 415, 477 P.3d at 855 (citing <u>Custer v. Admin. Dir. of the Courts</u>, 108 Hawai'i 350, 120 P.3d 249 (2005)).  Here, the entire one-year revocation period is based on the ADLRO's improper consideration of evidence related to the reasonable suspicion issue.  <u>Cf.</u> <u>Villarreal v. Admin. Dir. of the Courts</u>, No. CAAP-18-0000622, 2021 WL 1986560, at *3 (Haw. App. May 18, 2021) (reversing district court order affirming administrative revocation of driver's license where ADLRO's reasonable suspicion finding was unsupported by the evidence in the record).

For the reasons discussed above, the Decision and Order Affirming Administrative Revocation, entered on October 20, 2021, in the District Court of the First Circuit, Honolulu Division, is reversed.

DATED:  Honolulu, Hawai'i, June 29, 2023.

On the briefs:

Alen M. Kaneshiro and
Christopher M. Phillips
for Petitioner-Appellant.

Christopher J.I. Leong,
Deputy Attorney General,
for Respondent-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge