978 P.2d 739

Cavin C. DESMOND,
Respondent/Petitioner–Appellant,

v.

The ADMINISTRATIVE DIRECTOR OF the COURTS, State of Hawai'i, Petitioner/Respondent–Appellee.

No. 19966.

Supreme Court of Hawai'i.

April 29, 1998.

As Amended May 11, 1999.

Girard D. Lau, Deputy Attorney General, on the briefs, Honolulu, for petitioner/respondent-appellee.

Earle A. Partington, of Partington & Foley, on the briefs, Honolulu, for respondent/petitioner-appellant.

MOON, C.J., KLEIN, LEVINSON, NAKAYAMA, and RAMIL, JJ.

## PUBLISHED ORDER

We granted certiorari to review the following conclusions of the Intermediate Court of Appeals (ICA) in *Desmond v. Administrative Director of the Courts,* No. 19966, —— Hawai'i ——, —— P.2d ——, 1998 WL 262570 (Haw.Ct.App. May 22, 1998):

(1) Where an arrestee's timely request for the issuance of a subpoena compelling the attendance of a witness at the first hearing states one or more facts showing that the witness is a relevant witness, the subpoena shall be issued prior to the first hearing. *Id.,* slip op. at 21, at ——, —— P.2d at ——.

(2) Based on HRS §§ 286–257, –258, –259, ... upon the petitioner's objection, the

Hearing Officer must exclude from the record only the following: (a) all unsworn statements (except the arrest report) of law enforcement officials who do not appear to testify; and (b) all other evidence that is both irrelevant and prejudicial.

*Id.* at 16, at ——, —— P.2d at ——.

Upon consideration of the ICA's opinion and the record, and for the reasons discussed in our opinion in *Simmons v. Administrative Director of the Courts*, 88 Hawai'i 55, 961 P.2d 620 (1998), we hold that conclusion (1) above is erroneous. We also hold that conclusion (2) above is correct, and we agree that the Hearing Officer's failure to exclude Officer Aoki's unsworn statements was harmless error. Therefore,

IT IS HEREBY ORDERED that the ICA's conclusion (1) and the ICA's instruction to remand for a new hearing are reversed.

IT IS FURTHER ORDERED that the district court's decision, order, and notice of entry of judgment, filed May 31, 1996 and affirming the ADLRO's revocation, is affirmed.[1]

---

1. By letter dated June 17, 1998, Defendant Cavin C. Desmond's attorney notified the clerk of this court that Defendant had passed away subsequent to the filing of the ICA's opinion on May 22, 1998. However, we review the merits of Defendant's appeal to address the ICA's published opinion in this case. *See State v. Makaila*, 79 Hawai'i 40, 45, 897 P.2d 967, 972 (1995).