NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000622
18-MAY-2021
08:08 AM
Dkt. 59 SO

NO. CAAP-18-0000622

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ELOY R. VILLARREAL, Respondent-Petitioner-Appellant,
v.
ADMINISTRATIVE DIRECTOR OF THE COURTS, STATE OF HAWAI'I,
Respondent-Appellee

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(CASE NO. 3RC18100329K)

### SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Hiraoka and Nakasone, JJ.)

Respondent-Petitioner-Appellant Eloy R. **Villarreal**, Jr. appeals from the **"Order Affirming Administrative Revocation"** entered by the District Court of the Third Circuit, North and South Kona Division[1] on August 1, 2018. For the reasons explained below, we reverse.

At about 2:00 a.m. on December 9, 2017, Hawai'i County Police Department officer C. **Campbell** saw "a white passenger van traveling south on Kuakini [Highway] crossing over the center line." Officer Campbell stopped the van. Villarreal was the driver. He agreed to take the standardized field sobriety tests (**SFST**). After administering the SFST, Officer Campbell arrested Villarreal for operating a vehicle under the influence of an

---

[1] The Honorable Margaret K. Masunaga presided.

intoxicant (**OVUII**).[2]  Villarreal refused to take a breath or blood test.  Officer Campbell issued a Notice of Administrative Revocation (**NOAR**) of Villarreal's driver's license and completed a form titled **"Sworn Statement** of Arresting Officer[.]"

The Administrative Driver's License Revocation Office (**ADLRO**) sustained the NOAR.  Villarreal requested an administrative hearing.

On June 6, 2018, Respondent-Appellee Administrative **Director** of the Courts, through an ADLRO hearings officer, affirmed the ADLRO's administrative decision sustaining the NOAR.  Villarreal's license was revoked until January 8, 2020.[3]

Villarreal filed a petition for judicial review.  The district court entered the Order Affirming Administrative Revocation on August 1, 2018.  This appeal followed.

Villarreal first argues we should temporarily remand this matter for the district court to enter findings of fact.  In an appeal from the administrative revocation of a driver's license, the function of the district court is not to make its own findings of fact.  The sole issues before the district court are whether the Director: (1) exceeded constitutional or statutory authority; (2) erroneously interpreted the law; (3) acted in an arbitrary or capricious manner; (4) committed an abuse of discretion; or (5) made a determination that was unsupported by the evidence in the record.  Hawaii Revised Statutes (**HRS**) § 291E-40 (2007).  Our review of a decision by a

---

[2]    Hawaii Revised Statutes (**HRS**) § 291E-61 (2007) provides, in relevant part:

> **§ 291E-61.  Operating a vehicle under the influence of an intoxicant.**  (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> (1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

[3]    The "capable of repetition, yet evading review" exception to the mootness doctrine applies to this appeal.  Slupecki v. Admin. Dir. of the Courts, 110 Hawaiʻi 407, 409 n.4, 133 P.3d 1199, 1201 n.4 (2006).

district court on appeal from an administrative decision is a secondary appeal; we must determine whether the district court was right or wrong to affirm the ADLRO hearings officer's administrative revocation of Villarreal's driver's license, Wolcott v. Admin. Dir. of the Courts, 148 Hawaiʻi 407, 413, 477 P.3d 847, 853 (2020), applying the standard set forth in HRS § 291E-40.

Villarreal also argues there was no evidence that Officer Campbell had reasonable suspicion to stop his van.  HRS § 291E-36 (2007) establishes the following procedure:

> (b)   Whenever a respondent has been arrested for [OVUII] and refuses to submit to a test to determine alcohol concentration or drug content in the blood or urine, the following shall be forwarded immediately to the director:
>
> (1)   A copy of the arrest report and the sworn statement of the arresting law enforcement officer, stating facts that establish that:
>
> (A)   ***There was reasonable suspicion to stop the vehicle***[.]

(Emphasis added.)  The Director must review the arrest report, sworn statement of the arresting officer, and related documents including any evidence provided by the respondent, and "issue a written decision administratively revoking the license and privilege to operate a vehicle or rescinding the [NOAR]."  HRS § 291E-37 (Supp. 2016).

HRS § 291E-37 (2007) provides, in relevant part:

> (d)   The director shall administratively revoke the respondent's license and privilege to operate a vehicle if the director determines that:
>
> (1)   ***There existed reasonable suspicion to stop the vehicle[.]***

(Emphasis added.)

A respondent who disagrees with the Director's decision can request an administrative hearing.  HRS § 291E-38 (2007).  HRS § 291E-38 then provides, in relevant part:

> (e)   The director shall affirm the administrative revocation only if the director determines that:

>         (1)   ***There existed reasonable suspicion to stop the
>               vehicle***[.]

(Emphasis added.)

The only evidence of reasonable suspicion before the ADLRO hearings officer was the Sworn Statement that Officer Campbell saw "a white passenger van traveling south on Kuakini [Highway] crossing over the center line."[4]  The hearings officer held:

> [Villarreal's] motion to rescind the revocation based on the sufficiency of the facts contained within Officer C. Campbell's sworn statement to determine reasonable suspicion for the stop is denied.  Officer C. Campbell stated that the reasonable suspicion for the stop is based on him observing a white passenger van ([Villarreal]'s vehicle) traveling south on Kuakini [Highway] crossing over the center line at approximately 2:00 a.m.  Although [Villarreal] takes issue with this statement because it does not mention what kind of line it was (solid, broken, etc.) or provide other pertinent facts, the undersigned Hearing Officer does not find this lack of information fatal.  A vehicle cannot legally traverse over a "center line," whether solid or broken, unless certain circumstances exist. See HRS 291C-38 and HRS 291C-49.[5]  In the instant matter, the officer did not note any circumstances and [Villarreal] did not point to or submit any evidence into the record demonstrating circumstances that would legally allow [Villarreal]'s vehicle to cross the center line.  Even if the evidence demonstrate [sic] that [Villarreal] may have a defensible position for crossing over the center line, this does not invalidate the reasonable suspicion for the stop.

Officer Campbell's Sworn Statement did not "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant[ed]" the intrusion of an investigatory stop.  <u>State v. Kaleohano</u>, 99

---

[4]     The ADLRO hearings officer granted Villarreal's motion to strike the OBTS/CCH Arrest Report despite the Hawaiʻi Supreme Court's holding, under former HRS §§ 286-257, -258, -259, that "the Hearing Officer must exclude from the record . . . all unsworn statements (***except the arrest report***) of law enforcement officials who do not appear to testify[.]"  <u>Desmond v. Admin. Dir. of the Courts</u>, 90 Hawaiʻi 301, 301-02, 978 P.2d 739, 739-40 (1998) (emphasis added).  The Director did not cross-appeal from that ruling.  Accordingly, we cannot consider the OBTS/CCH Arrest Report in our review of the district court's order.

[5]     HRS § 291C-38 (2007) pertains to "Longitudinal traffic lane markings" and describes when a yellow, white, or red marking is to be used, and when the marking is to be solid, broken, or dotted.  HRS § 291C-49 (2007) pertains to "Driving on roadways laned for traffic" and describes center ***lanes***, but not center ***lines***.

Hawaiʻi 370, 378, 56 P.3d 138, 146 (2002) (quoting State v. Powell, 61 Haw. 316, 321–22, 603 P.2d 143, 148 (1979)). The State did not present evidence about the color of the center line, or whether it was solid, broken, or dotted, or any combination thereof. There was no evidence describing the movement or speed of Villarreal's van other than once "crossing over the center line." Cf. Kaleohano, 99 Hawaiʻi at 378, 56 P.3d at 146 (holding that police officer's observation of defendant's vehicle "swerving within its lane of travel and crossing over the solid double center line twice" was sufficient to warrant investigative traffic stop to determine whether defendant was driving while impaired); Park v. Tanaka, 75 Haw. 271, 280, 859 P.2d 917, 921–22 (1993) (holding that testimony that driver weaved and swerved provided reasonable suspicion to stop vehicle), abrogated in part by Chen v. Mah, 146 Hawaiʻi 157, 176-77, 457 P.3d 796, 815-16 (2020) (prospectively adopting new "good cause" standard for granting relief under Hawaiʻi Rules of Civil Procedure Rule 55(c)); Kernan v. Tanaka, 75 Haw. 1, 39, 856 P.2d 1207, 1226 (1993) (holding that police officer's observation that car was speeding and weaving into another lane justified investigative traffic stop). In finding that Officer Campbell had reasonable suspicion to stop Villarreal's van, the hearings officer made a determination that was unsupported by the evidence in the record. See HRS § 291E-40(c)(5).

In addition, the hearings officer ruled that "[Villarreal] did not point to or submit any evidence into the record demonstrating circumstances that would legally allow [Villarreal]'s vehicle to cross the center line." The hearings officer placed a burden on Villarreal to present evidence showing that Officer Campbell **did not** have a reasonable suspicion to stop Villarreal's van. In so doing, the hearings officer exceeded statutory authority, see HRS § 291E-40(c)(1), and erroneously interpreted the law, see HRS § 291E-40(c)(2). See, e.g., McGrail v. Admin. Dir. of the Courts, 130 Hawaiʻi 74, 82, 305 P.3d 490, 498 (App. 2013) (noting that ADLRO process places burden on

government "to establish a prima facie case for revocation, including that reasonable suspicion existed to stop the respondent's vehicle, before the respondent has any burden to present evidence") (citation omitted).

We need not address Villarreal's other arguments about whether various other documents (or portions thereof) in the ADLRO case file constitute sworn statements.

For the foregoing reasons, the "Order Affirming Administrative Revocation" entered by the district court on August 1, 2018, is reversed.

DATED:  Honolulu, Hawaiʻi, May 18, 2021.

On the briefs:

Alen M. Kaneshiro,
for Respondent-
Petitioner-Appellant.

Christopher J.I. Leong,
Deputy Attorney General,
for Respondent-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge