**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000621
18-MAY-2021
08:10 AM
Dkt. 51 SO**

NO. CAAP-18-0000621

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STEPHEN C. **Salley**, Respondent-Petitioner-Appellant,
v.
ADMINISTRATIVE DIRECTOR OF THE COURTS, STATE OF HAWAI'I,
Respondent-Appellee

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(CASE NO. 3RC18100342K)

**SUMMARY DISPOSITION ORDER**
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Respondent-Petitioner-Appellant Stephen C. **Salley** appeals from the **"Order Affirming Administrative Revocation"** entered by the District Court of the Third Circuit, North and South Kona Division[1] on August 2, 2018. For the reasons explained below, we reverse.

On October 2, 2017, Salley was driving a pickup truck that collided with the rear of another vehicle. After Salley took the Standardized Field Sobriety Tests, Hawai'i County Police Department officer E. **Fontes** arrested him for operating a vehicle under the influence of an intoxicant (**OVUII**) in violation of Hawaii Revised Statutes (**HRS**) § 291E-61. Salley refused to take a breath or blood test. Officer Fontes issued a Notice of

---

[1] The Honorable Margaret K. Masunaga presided.

Administrative Revocation of Salley's driver's license (**NOAR**) and completed a form titled **"Sworn Statement** of Arresting Officer[.]"

The Administrative Driver's License Revocation Office (**ADLRO**) sustained the NOAR. Salley requested an administrative hearing.

On June 6, 2018, Respondent-Appellee Administrative **Director** of the Courts, through an ADLRO hearings officer, affirmed the ADLRO's administrative decision sustaining the NOAR. Salley's license was revoked until November 2, 2019.[2]

On July 5, 2018, Salley filed a "Petition for Judicial Review." A hearing was held on July 31, 2018. The district court issued the Order Affirming Administrative Revocation on August 2, 2018. This appeal followed.

Salley first argues we should temporarily remand this case for the district court to enter findings of fact. In an appeal from the administrative revocation of a driver's license, the function of the district court is not to make its own findings of fact. The sole issues before the district court are whether the Director: (1) exceeded constitutional or statutory authority; (2) erroneously interpreted the law; (3) acted in an arbitrary or capricious manner; (4) committed an abuse of discretion; or (5) made a determination that was unsupported by the evidence in the record. HRS § 291E-40 (2007). Our review of a decision by a district court on appeal from an administrative decision is a secondary appeal; we must determine whether the district court was right or wrong to affirm the ADLRO hearing officer's administrative revocation of Salley's driver's license, Wolcott v. Admin. Dir. of the Courts, 148 Hawaiʻi 407, 413, 477 P.3d 847, 853 (2020), applying the standard set forth in HRS § 291E-40.

---

[2] The "capable of repetition, yet evading review" exception to the mootness doctrine applies to this appeal. Slupecki v. Admin. Dir. of the Courts, 110 Hawaiʻi 407, 409 n.4, 133 P.3d 1199, 1201 n.4 (2006).

HRS § 291E-61 (2007) provides, in relevant part:

> **§ 291E-61. Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person *operates* or assumes actual physical control of a vehicle:
>> (1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

(Emphasis added.) "Operate" means "to drive or assume actual physical control of a vehicle *upon a public way, street, road, or highway*[.]" HRS § 291E-1 (2007) (emphasis added).

Salley argues there was no evidence that he drove his truck on "a public way, street, road, or highway." The hearings officer held:

> Although the Sworn Statement of the Arresting Officer only states that Respondent was "arrested" at the address listed, the SFST report states that the "location" of the SFST was also at HIGHWAY 190/HINA LANI. When viewing this and other evidence that can be considered in this case, there is a reasonable inference that the traffic accident and OVUII happened at HIGHWAY 190/HINA LANI DRIVE, in Kona, Hawaiʻi.
>
> With respect to Counsel's "public roadway" argument, a reasonable inference can be made that HIGHWAY 190/HINA LANI DRIVE is a public roadway. The undersigned Hearing Officer is unfamiliar with any "highways" that are NOT public. Moreover, Counsel did not submit any evidence that would suggest otherwise.

Officer Fontes did not testify at the ADLRO hearing. His Sworn Statement established that Salley's truck rear-ended another vehicle. But the Sworn Statement did not describe the location of the accident. The Sworn Statement indicates that Salley was <u>arrested</u> "at Highway 190/Hina Lani Drive" but there is no evidence establishing that location as the scene of the accident. The post-collision location of the vehicle that Salley's truck hit is not identified in the Sworn Statement. No other evidence considered by the hearings officer supported a finding that Salley's truck hit the other vehicle or was driven on "a public

3

way, street, road, or highway."[3]  We conclude that the hearings officer "made a determination that was unsupported by the evidence in the record."  HRS § 291E-40(c)(5).  We need not address Salley's other arguments about whether various other documents (or portions thereof) in the ADLRO case file constitute sworn statements.

For the foregoing reasons, the "Order Affirming Administrative Revocation" entered by the district court on August 2, 2018, is reversed.

DATED:  Honolulu, Hawaiʻi, May 18, 2021.

On the briefs:

Alen M. Kaneshiro,
for Respondent-
Petitioner-Appellant.

Christopher J.I. Leong,
Deputy Attorney General,
for Respondent-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge

---

[3]     Officer Fontes's OBTS/CCH Arrest Report identified the "Place of Offense" as "Highway 190/Hina Lani Drive."  The ADLRO hearings officer granted Salley's motion to strike the OBTS/CCH Arrest Report despite the Hawaiʻi Supreme Court's holding, under former HRS §§ 286-257, -258, -259, that "the Hearing Officer must exclude from the record . . . all unsworn statements (**except the arrest report**) of law enforcement officials who do not appear to testify[.]"  Desmond v. Admin. Dir. of the Courts, 90 Hawaiʻi 301, 301-02, 978 P.2d 739, 739-40 (1998) (emphasis added).  The Director did not cross-appeal from that ruling.  Accordingly, we cannot consider the OBTS/CCH Arrest Report in our review of the district court's order.